TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANGELA C. MAKABALI (Cal. Bar No. 296824)
Special Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2331
    Facsimile: (213) 894-0141
    E-mail:    angela.makabali@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-00404-PSG |
|       Plaintiff, | PLEA AGREEMENT FOR DEFENDANT NICHOLAS EDWARD PONCE |
|          v. | |
| NICHOLAS EDWARD PONCE, | |
|       Defendant. | |

1.   This constitutes the plea agreement between NICHOLAS EDWARD PONCE ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the indictment in United States v. Nicholas Edward Ponce, CR No. 20-

00404-PSG, which charges defendant with Wire Fraud, in violation of 18 U.S.C. § 1343.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

<u>THE USAO'S OBLIGATIONS</u>

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1.

e. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing

Guidelines range, provided that the offense level used by the Court
to determine that range is 9 or higher and provided that the Court
does not depart downward in offense level or criminal history
category.  For purposes of this agreement, the low end of the
Sentencing Guidelines range is that defined by the Sentencing Table
in U.S.S.G. Chapter 5, Part A, without regard to reductions in the
term of imprisonment that may be permissible through the substitution
of community confinement or home detention as a result of the offense
level falling within Zone B or Zone C of the Sentencing Table.

NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of
the crime charged in Count One, that is, Wire Fraud, in violation of
Title 18, United States Code, Section 1343, the following must be
true: (1) defendant knowingly devised and participated in a scheme or
plan to defraud, or a scheme or plan for obtaining money or property
by means of false or fraudulent pretenses, representations, promises,
or omitted facts; (2) the statements made or facts omitted as part of
the scheme were material, that is, they had a natural tendency to
influence, or were capable of influencing, a person to part with
money or property; (3) defendant acted with the intent to defraud,
that is, the intent to deceive and cheat; and (4) defendant used, or
caused to be used, an interstate wire communication to carry out or
attempt to carry out an essential part of the scheme.

PENALTIES AND RESTITUTION

5.   Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 18, United States
Code, Section 1343, is: 20 years imprisonment; a three-year period of
supervised release; a fine of $250,000 or twice the gross gain or

4

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. The parties have no agreement as to the applicable amount of restitution, but recognize and agree the restitution amount, if any, will be determined by the Court based on information presented by the parties at sentencing.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

1    regardless of any immigration consequences that his plea may entail,

2    even if the consequence is automatic removal from the United States.

3                                FACTUAL BASIS

4        10.   Defendant admits that defendant is, in fact, guilty of the

5    offense to which defendant is agreeing to plead guilty.  Defendant

6    and the USAO agree to the statement of facts provided below and agree

7    that this statement of facts is sufficient to support a plea of

8    guilty to the charge described in this agreement and to establish the

9    Sentencing Guidelines factors set forth in paragraph 12 below but is

10   not meant to be a complete recitation of all facts relevant to the

11   underlying criminal conduct or all facts known to either party that

12   relate to that conduct.

13       Beginning in or around August 2011, and continuing until in or

14   around October 2015, within the Central District of California, and

15   elsewhere, defendant knowingly and with the intent to defraud,

16   devised and participated in a scheme to defraud the Social Security

17   Administration ("SSA") and the United States as to material matters,

18   and to obtain money and property from the SSA and the United States

19   by means of materially false and fraudulent pretenses,

20   representations, and promises, and the concealment of material facts.

21   The scheme to defraud operated, in substance, as follows.

22       On or around August 31, 2011, defendant applied to the SSA for

23   Social Security Survivor Benefits ("SSSB") on behalf of his minor

24   child, A.P.  In the application, defendant knowingly falsely

25   represented that A.P. lived with him.  As a result of this false

26   representation, the application for SSSB was approved, and defendant

27   was designated the representative payee for A.P.  Defendant was

28   required to use the funds that he received on A.P.'s behalf for

                                    7

A.P.'s care and support.  Defendant received an initial lump sum of approximately $1,897 on the day he began to receive A.P.'s SSSB payments, September 6, 2011, which was followed by additional sums of approximately $271 to $294 per month.  Defendant deposited those amounts each month into accounts solely held and controlled by defendant.  Further, on or about October 28, 2012 and October 25, 2013, defendant deliberately, and with the intent to deceive and cheat, submitted Representative Payee Reports to the SSA falsely certifying that A.P. continued to live with him and that he was using the SSSB payments exclusively for A.P.'s benefit.

For the entirety of the relevant period, A.P. did not live with defendant, but in fact lived with A.P.'s maternal grandparents. Defendant nevertheless knowingly and intentionally misrepresented to the SSA that he lived with A.P., a material fact that was capable of influencing the SSA to part with money, specifically SSSB payments. Defendant also knowingly and willfully used some of these payments for his own benefit, converting them to a use other than A.P.'s care and support.

Defendant used the wires to carry out an essential part of this scheme to defraud.  As described in Count One of the Indictment, on or about September 9, 2015, within the Central District of California, and elsewhere, defendant, for the purpose of executing the scheme to defraud, caused the transmission of the following funds by means of wire communications in interstate commerce: a payment of SSSB funds for the benefit of A.P., in the amount of $294.00.  As described in Count Two of the Indictment, on or about October 14, 2015, within the Central District of California, and elsewhere, defendant, for the purpose of executing the scheme to defraud, caused

the transmission of the following funds by means of wire communications in interstate commerce: a payment of SSSB funds for the benefit of A.P., in the amount of $294.00.  These funds were electronically transferred from the United States Treasury in Kansas City, Missouri, to an Eagle Community Credit Union account in defendant's name in Lake Forest, California.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:              7        U.S.S.G. § 2B1.1(a)(1)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, including the intended and/or actual loss amount under U.S.S.G. § 2B1.1(b)(1), as to which the parties do not have an agreement.

13.    Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

17.  Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 7 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $7,301.77; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release

imposed by the Court: the conditions set forth in Second Amended
General Order 20-04 of this Court; the drug testing conditions
mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and
drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above and
(b) the Court imposes a term of imprisonment within or above the
range corresponding to an offense level of 9 and the criminal history
category calculated by the Court, the USAO gives up its right to
appeal any portion of the sentence, with the exception that the USAO
reserves the right to appeal the following: the amount of restitution
ordered if that amount is less than $15,922.00.

RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this
agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

1

## RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

2      20.   Defendant agrees that if the count of conviction is

3  vacated, reversed, or set aside, both the USAO and defendant will be

4  released from all their obligations under this agreement.

5

## EFFECTIVE DATE OF AGREEMENT

6      21.   This agreement is effective upon signature and execution of

7  all required certifications by defendant, defendant's counsel, and an

8  Assistant United States Attorney.

9

## BREACH OF AGREEMENT

10      22.   Defendant agrees that if defendant, at any time after the

11  signature of this agreement and execution of all required

12  certifications by defendant, defendant's counsel, and an Assistant

13  United States Attorney, knowingly violates or fails to perform any of

14  defendant's obligations under this agreement ("a breach"), the USAO

15  may declare this agreement breached.  All of defendant's obligations

16  are material, a single breach of this agreement is sufficient for the

17  USAO to declare a breach, and defendant shall not be deemed to have

18  cured a breach without the express agreement of the USAO in writing.

19  If the USAO declares this agreement breached, and the Court finds

20  such a breach to have occurred, then: (a) if defendant has previously

21  entered a guilty plea pursuant to this agreement, defendant will not

22  be able to withdraw the guilty plea, and (b) the USAO will be

23  relieved of all its obligations under this agreement.

24      23.   Following the Court's finding of a knowing breach of this

25  agreement by defendant, should the USAO choose to pursue any charge

26  that was either dismissed or not filed as a result of this agreement,

27  then:

28

1          a.   Defendant agrees that any applicable statute of

2 limitations is tolled between the date of defendant's signing of this

3 agreement and the filing commencing any such action.

4          b.   Defendant waives and gives up all defenses based on

5 the statute of limitations, any claim of pre-indictment delay, or any

6 speedy trial claim with respect to any such action, except to the

7 extent that such defenses existed as of the date of defendant's

8 signing this agreement.

9          c.   Defendant agrees that: (i) any statements made by

10 defendant, under oath, at the guilty plea hearing (if such a hearing

11 occurred prior to the breach); (ii) the agreed to factual basis

12 statement in this agreement; and (iii) any evidence derived from such

13 statements, shall be admissible against defendant in any such action

14 against defendant, and defendant waives and gives up any claim under

15 the United States Constitution, any statute, Rule 410 of the Federal

16 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

17 Procedure, or any other federal rule, that the statements or any

18 evidence derived from the statements should be suppressed or are

19 inadmissible.

20        <u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

21                  <u>OFFICE NOT PARTIES</u>

22     24.  Defendant understands that the Court and the United States

23 Probation and Pretrial Services Office are not parties to this

24 agreement and need not accept any of the USAO's sentencing

25 recommendations or the parties' agreements to facts or sentencing

26 factors.

27     25.  Defendant understands that both defendant and the USAO are

28 free to: (a) supplement the facts by supplying relevant information

to the United States Probation and Pretrial Services Office and the Court and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        28.  The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   TRACY L. WILKISON
    United States Attorney

9

10  _____          5/12/2022
    ANGELA C. MAKABALI                        Date
11  Special Assistant U.S. Attorney

12  _____          5-12-22
    NICHOLAS EDWARD PONCE                     Date
13  Defendant

14  _____          5/12/2022
    ANUJ NADADUR                              Date
15  Attorney for Defendant NICHOLAS
    EDWARD PONCE
16

17

18

19

20

21

22

23

24

25

26

27

28

                                16

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Nicholas Ponce_                    _5-12-22_
NICHOLAS EDWARD PONCE                Date
Defendant

//
//

1

CERTIFICATION OF DEFENDANT'S ATTORNEY

2    I am NICHOLAS EDWARD PONCE's attorney.  I have carefully and

3 thoroughly discussed every part of this agreement with my client.

4 Further, I have fully advised my client of his rights, of possible

5 pretrial motions that might be filed, of possible defenses that might

6 be asserted either prior to or at trial, of the sentencing factors

7 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this agreement is sufficient to support my client's entry of

15 a guilty plea pursuant to this agreement.

16 _____          5/12/2022

17 ANUJ NADADUR                                Date
   Attorney for Defendant NICHOLAS

18 EDWARD PONCE

19

20

21

22

23

24

25

26

27

28